# State Control of Fiduciary Activities by National Banks

Segal, Assistant Deputy Attorney General, October 25, 1933.—You have asked to be advised (1) whether a National bank located in another State and having trust powers, which has been appointed executor and trustee under the will of a Pennsylvania resident, may serve in such fiduciary capacity within this Commonwealth, and (2) whether, if so, such National bank must, by resolution of its board of directors, consent to be placed under the supervision of the Department of Banking of Pennsylvania.

We shall first consider whether a National bank located in another State has the power to act as a fiduciary within this Commonwealth.

Section 1506(b) of the Banking Code of May 15, 1933, P. L. 624, provides as follows:

"A corporation, organized under the laws of any state of the United States other than Pennsylvania, shall not have authority to act in this Commonwealth as trustee, guardian, executor, administrator, or in any other similar fiduciary capacity, unless it shall be appointed such fiduciary by any last will and testament, or codicil thereto, or other testamentary writing, or by deed of trust inter vivos, or by any court or register of wills of this Commonwealth, and unless the laws of such other state confer like powers upon corporations organized under the laws of this Commonwealth, but such corporations organized under the laws of another state shall be required to give such bond or other security as shall be deemed adequate by the court or register of wills in the Commonwealth having jurisdiction over the estate of which the corporation is acting as trustee, guardian, executor, administrator, or similar fiduciary."

Thus, when appointed executor and trustee by a will, a corporation organized under the laws of another State and having fiduciary powers may act as such within this Commonwealth, provided that the laws of such other State authorize Pennsylvania bank and trust companies and trust companies to serve in a similar capacity within that State.

What is the power in the same situation of a National bank located in another State?

Section 11 of the Federal Act of December 23, 1913, c. 6, 38 Stat. at L. 251, amended by section 2 of the Act of September 26, 1918, c. 177, 40 Stat. at L. 967, 12 U. S. C. § 248, provides in part as follows:

"The Federal Reserve Board shall be authorized and empowered: . . .

"(k) . . . To grant by special permit to national banks applying therefor, when not in contravention of State or local law, the right to act as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics, or in any other fiduciary capacity in which State banks, trust companies, or other corporations which come into competition with national banks are permitted to act under the laws of the State in which the national bank is located.

"Whenever the laws of such State authorize or permit the exercise of any or all of the foregoing powers by State banks, trust companies, or other corporations which compete with national banks, the granting to and the exercise of such powers by national banks shall not be deemed to be in contravention of State or local law within the meaning of this chapter."

In First National Bank of Bay City v. Fellows, Attorney General, ex rel., 244 U. S. 416 (1917), Mr. Chief Justice White, speaking for a majority of the court, said at page 426:

". . . the State may not by legislation create a condition as to a particular business which would bring about actual or potential competition with the business of national banks and at the same time deny the power of Congress to meet such created condition by legislation appropriate to avoid the injury which otherwise would be suffered by the national agency. Of course as the general subject of regulating the character of business just referred to is peculiarly within state administrative control, state regulations for the conduct of such business, if not discriminatory or so unreasonable as to justify the conclusion that they necessarily would so operate, would be controlling upon banks chartered by Congress when they came in virtue of authority conferred upon them by Congress to exert such particular powers. And these considerations clearly

were in the legislative mind when it enacted the statute in question. This result would seem to be plain when it is observed (a) that the statute authorizes the exertion of the particular functions by national banks when not in contravention of the state law, that is, where the right to perform them is expressly given by the state law or what is equivalent is deducible from the state law because that law has given the functions to state banks or corporations whose business in a greater or less degree rivals that of national banks, thus engendering from the state law itself an implication of authority in Congress to do as to national banks that which the state law has done as to other corporations; and (b) that the statute subjects the right to exert the particular functions which it confers on national banks to the administrative authority of the Reserve Board, giving besides to that Board power to adopt rules regulating the exercise of the functions conferred, thus affording the means of coördinating the functions when permitted to be discharged by national banks with the reasonable and non-discriminating provisions of state law regulating their exercise as to state corporations,—the whole to the end that harmony and the concordant exercise of the national and state power might result."

Again, in Missouri ex rel. Burnes National Bank v. Duncan, 265 U. S. 17 (1924), Mr. Justice Holmes, speaking for a majority of the court, said at pages 23-24:

". . . This [the Act of 1913 amended by Act of 1918, which we have quoted above] says in a roundabout and polite but unmistakable way that whatever may be the state law, national banks having the permit of the Federal Reserve Board may act as executors if trust companies competing with them have that power. . . ." (brackets ours).

". . . the State cannot lay hold of its general control of administration to deprive national banks of their power to compete that Congress is authorized to sustain."

Under these decisions, and under the statutes which they construe, it is clear that the Federal Reserve Board may authorize a National bank to act as fiduciary in any State in which corporations in competition with such National bank are, under the laws of the State in which the National bank is located, empowered to serve in such capacity.

In each case, therefore, two facts must be determined: (1) Whether the laws of the State in which the National bank is located permit its own corporations, which compete with National banks, to act in such fiduciary capacity in Pennsylvania;[1] and (2) whether the laws of such State permit Pennsylvania bank and trust companies and trust companies to act in such fiduciary capacity within its borders. In addition, of course, the National bank must have been authorized by the Federal Reserve Board, pursuant to act of Congress, to serve in such fiduciary capacity.

If all these conditions are met, a National bank appointed executor and trustee by will may serve in such capacity within Pennsylvania. Of course, the National bank must first be approved as fiduciary by the court in this Commonwealth having jurisdiction of the estate, in accordance with section 57 of the Fiduciaries Act of 1917, and must post such bond or other security as is deemed adequate by the court or register of wills having jurisdiction over the estate, in accordance with the provisions of section 1506 (b) of the Banking Code relating to corporations organized under the laws of another State.

You also ask to be advised whether a National bank located in another State, if authorized to act as executor and trustee in Pennsylvania under the will of a Pennsylvania resident, must, before exercising such power, agree to place its

trust department under the supervision of the Pennsylvania Department of Banking. In our opinion, this question must be answered in the negative.

It is true that section 1506 (e) of the Banking Code provides as follows:

"Any national banking association having authority under the laws of the United States to act as trustee, guardian, executor, administrator, or similar fiduciary, shall, upon the adoption by its board of directors of a resolution agreeing to place its trust department under the supervision of the Department of Banking, and upon the transmission of a certified copy of such resolution to the Department of Banking, be authorized to act as such fiduciary in this Commonwealth."

However, this provision must be interpreted to apply only to National banks located in Pennsylvania. To hold otherwise would render the provision invalid as discriminating against National banks, since State institutions located in other States do not, upon acting as executor and trustee in Pennsylvania, have to agree to place their trust departments under the supervision of the Department of Banking of Pennsylvania.

Therefore, we advise you (1) that a National bank located in another State and authorized by the Federal Reserve Board to act as fiduciary, which has been appointed executor and trustee under a will of a Pennsylvania resident, may serve in such capacity within this Commonwealth, provided that the laws of the State in which such National bank is located authorize corporations organized under its laws to act in such fiduciary capacity in Pennsylvania and likewise authorize Pennsylvania bank and trust companies and trust companies to act in such fiduciary capacity in such other State; and (2) that such National bank is not required to place its trust department under the supervision of the Department of Banking of Pennsylvania.

From C. P. Addams, Harrisburg, Pa.